IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FREDRICK MCINTYRE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:11cv530-WHA |
| | ) | (WO) |
| THOMAS KANE, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**O R D E R**

Respondent has filed an answer (Doc. No. 8) addressing the issues presented in the instant 28 U.S.C. § 2241 habeas corpus petition. In this answer, Respondent contends, *inter alia*, that the petition for habeas corpus relief is due to be dismissed because Petitioner has not exhausted his administrative remedies concerning the allegations in his petition. (*See* Doc. No. 8 at 6-9.)

Upon review of the petition, Respondent's answer, and the supporting materials filed in this case, it appears that Petitioner has not yet exhausted his available administrative remedies with respect to the claims presented in his petition. A federal prisoner who requests habeas corpus relief under 28 U.S.C. § 2241 must first exhaust his administrative remedies before seeking relief from this court. *Gonzalez v. United States*, 959 F.2d 211 (11th Cir. 1992). This court does not deem it appropriate to rule on the merits of Petitioner's claims without first requiring that he exhaust his administrative remedies.

Accordingly, it is

**ORDERED that on or before August 22, 2011,** Petitioner shall file a reply to Respondent's answer.  In his reply, Petitioner shall <u>show cause why his petition should not be dismissed for his failure to exhaust his administrative remedies</u>.  Any documents or evidence filed after August 22, 2011, will not be considered by the court except in exceptional circumstances.  At any time after the deadline for filing a reply expires, the court will determine whether an evidentiary hearing is necessary.  If it appears that an evidentiary hearing is not required, the court will dispose of the petition as justice requires.  *Cf.* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts.*

Petitioner is instructed that when replying to Respondent's answer, he may file sworn affidavits or other documents in support of his claims.  Affidavits should set forth specific facts which demonstrate that Petitioner is entitled to relief on the grounds presented in the habeas corpus petition.  If documents that have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them.  When Petitioner attacks Respondent's answer by use of affidavits or other documents, the court will, at the appropriate time, consider whether to expand the record to include such materials.  *Cf.* Rule 7, *Rules Governing Section 2254 Cases in the United States District Courts*.

Done this 1st day of August, 2011.

                                            /s/Susan Russ Walker
                                        SUSAN RUSS WALKER
                                        CHIEF UNITED STATES MAGISTRATE JUDGE